IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JOHN McMOYLE | § | |
| v. | § | CIVIL ACTION NO. 6:14cv729 |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Report and Recommendation of the Magistrate Judge, which contains her findings, conclusions, and recommendation for the disposition of this action, has been presented for consideration. The Report and Recommendation recommends that the social security complaint be dismissed with prejudice. Plaintiff has objected to the Magistrate Judge's finding that his vision impairment was non-severe.

Plaintiff states that the medical records found in Exhibits 14F, 15F, and 16F were not in the record when any of the state agency medical consultants reviewed the medical records. The ALJ determined that Plaintiff failed to show a reasonable probability that the "new evidence consisting of medical record exhibits 14F, 15F, and 16F would change the outcome of the Commissioner's decision." However, Plaintiff states that at the hearing, these exhibits were already in the file and thus were not "new evidence." Rather, the ALJ should have considered these exhibits in his decision, and the Magistrate Judge erroneously cited the "new evidence" standard to support the ALJ's finding that Plaintiff's vision impairment was not severe.

The Commissioner filed a response to Plaintiff's objections contending that the ALJ correctly found Plaintiff's visual impairment was not severe regardless of the applicability of the "new evidence" standard. Plaintiff has near-normal vision in his left eye and blindness in one eye does

not substantially limit the ability to perform basic work activities where the claimant's vision in his good eye does not present him from performing such daily activities as gardening, mowing the lawn, and walking to visit relatives. *Story v. Astrue*, 293 F.App'x 883, 2008 WL 4410714 (5th Cir., September 30, 2008).

In addition, the Commissioner maintains that the ALJ is required to determine whether any identified impairments are severe or not severe, but failure to do so is not a basis for remand where the ALJ proceeds to later steps of the sequential evaluation. The ALJ considered Plaintiff's vision in assessing his residual functional capacity and the decision did not turn on the Step Two finding that Plaintiff's vision impairment was not severe; thus, the Commissioner argues that "Plaintiff's objection cannot achieve Plaintiff's apparent goal."

The Plaintiff's activities of daily living included watching television, cleaning the yard, washing dishes, cooking, helping his wife with the laundry, and helping his brother with chores. He drives about once a week and can attend to personal care, go out unaccompanied, shop for food or household items, pay bills, count change, and handle a checkbook. Although Plaintiff has significant vision problems in one eye, he has near-normal vision in the other, allowing him to perform a wide range of daily activities including driving and watching television. He was undergoing aggressive medical treatment for his eye and his physician, Dr. Wick, expected him to make a full recovery.

The Fifth Circuit has stated that procedural perfection in administrative proceedings is not required as long as the substantial rights of a party have not been affected. Audler v. Astrue, 501 F.3d 446, 448 (5th Cir. 2007). A review of the record shows that substantial evidence supports the ALJ's RFC determination, including the Step Two decision concerning the non-severe nature of his eye impairment. Even had the ALJ considered Exhibits 14F, 15F, and 16F, Plaintiff has failed to show that a different conclusion would have been reached; the Magistrate Judge observed that "even if Plaintiff required a corneal transplant and on-going medical care in his right eye, [as stated in these exhibits], he has not shown that this would affect his good eye or alter the analysis." The quantum of evidence in the case renders it inconceivable that the ALJ would have reached a different

conclusion; thus, any error in failing to consider these exhibits was harmless. *Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003). Plaintiff's objections are without merit.

The Court has conducted a careful *de novo* review of those portions of the magistrate judge's proposed findings and recommendations to which objection was made. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the report of the magistrate judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the report of the magistrate judge (docket no. 17) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the decision of the Commissioner is **AFFIRMED** and the Plaintiff's complaint is **DISMISSED WITH PREJUDICE**. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED.**

**SIGNED this 3rd day of March, 2016.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE